NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALFRED S. TEO, SR., *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 2:04-cv-01815 (SDW) (MCA)<br><br>**OPINION**<br><br>October 20, 2010 |

**WIGENTON**, District Judge.

Before the Court is Plaintiff's Motion for Reconsideration of this Court's August 10, 2010 Order and Opinion denying in part Plaintiff's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 54(b). The Court, having considered the parties' submissions, decides this matter without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, this Court denies Plaintiff's Motion for Reconsideration.

**LEGAL STANDARD**

Under Local Civil Rule 7.1, a party may serve and file a motion for reconsideration "within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge . . . [along with a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). In order for a court to alter or amend a judgment, the party seeking reconsideration must establish one of the following:

1

"(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe, By Lou-Ann, Inc. v. Max Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is granted sparingly as it is considered an extraordinary remedy. *J.J.C. Boats, Inc. v. Hlywiak*, 573 F. Supp. 2d 871, 873 (D.N.J. 2008). Thus, such a motion will be granted where "dispositive factual matters or controlling decisions of law" were previously presented to but not considered by the court. *Ivan v. County of Middlesex*, 612 F. Supp. 2d 546, 551 (D.N.J. 2009); see also *Tehan v. Disability Mgmt. Servs.*, 111 F. Supp. 2d 542, 550 (D.N.J. 2000). A motion for reconsideration will not be granted where the moving party is simply seeking to set forth the reasons why it disagrees with the court's decision or is asking "the court to analyze the same facts and cases it had already considered in reaching its original decision." *Tehan v. Disability Mgmt. Servs.*, 111 F. Supp. 2d at 550.

**DISCUSSION**

The Securities and Exchange Commission ("SEC") filed a complaint against Alfred S. Teo, Sr. and the MAAA Trust ("Trust") on April 22, 2004, claiming violations of Section 13(d), 15 U.S.C. § 78m(d), and Section 16(a), 15 U.S.C. § 78p(a). This Court issued an order on August 10, 2010, denying in part and granting in part the SEC's motion for summary judgment. The SEC now requests that this Court vacate the parts of the Order and Opinion that denied summary judgment with regard to Section 13(d) (claim 7), as to Teo and the Trust, and Section 16(a) (claim 8), as to the Trust. (Pl.'s Br. at 2, Aug. 24, 2010.) The SEC argues that: "(1) the Opinion overlooked the requirement

in Rule 13d-2(a) that acquisitions of one percent or more shall be deemed material"; and (2) "the Opinion overlooked undisputed evidence that the Trust acquired more than 10 percent of Musicland's stock." (Pl.'s Br. at 6, 10.)

This Court acknowledged Teo's and the Trust's acquisition of stock of Musicland Stores Corporation (Musicland). (*SEC v. Teo*, No. 04-1815, slip op. 11-15 at (D.N.J. Aug. 10, 2010.) The SEC is correct that 17 C.F.R. § 240.13d-2(a) states that "[a]n acquisition or disposition of beneficial ownership of securities in an amount equal to one percent or more of the class of securities shall be deemed 'material' for purposes of this section." However, this Court was guided by case law stating that "the issue of materiality is a mixed question of law and fact." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 450 (1976). As stated in this Court's opinion, although the fact that the SEC requires certain information to be revealed in a Schedule 13D is evidence of materiality, courts have not yet gone as far as to hold the information requested on Schedules 13D to be material per se. *United States v. Bilzerian*, 926 F.2d 1285, 1298 (2d Cir. 1991); see also *In re Craftmatic Sec. Litig.*, 890 F.2d 628, 641 (3d Cir. 1989) (stating that "[d]isclosures mandated by law are presumably material" but also clarifying that materiality is a mixed question of law and fact).

In addition, this Court did not overlook the SEC's evidence that the Trust acquired Musicland stock but held that the motion must be denied as it relates to the Trust because there is a genuine issue of material fact. Documents have been submitted both by the SEC and on behalf of the Trust with conflicting information as to how many outstanding shares existed at different times thus creating a question as to when exactly the Trust acquired ten percent ownership of Musicland's shares.

3

Reconsideration of Plaintiff's Motion for Summary Judgment is therefore denied because Plaintiff has not put forth an intervening change in the controlling law, demonstrated that the Court committed a clear error of law or fact, nor introduced evidence that was not available when the Court partially denied the motion for summary judgment.

**CONCLUSION**

For the reasons discussed above, this Court denies Plaintiff's Motion for Reconsideration.

S/SUSAN D. WIGENTON, U.S.D.J.

Orig: Clerk
cc: Madeline Cox Arleo, U.S.M.J.